# DAVID H. JOURGENSEN, Plff.,

*v.*

# FRANCISCO RODRIGUEZ BRENES, Dft.

San Juan, Law, No. 1066.

ON MOTION FOR NEW TRIAL.

New Trials—Law Applicable.

    1. New trials in the United States courts are governed by § 726 of the Revised Statutes, and the local laws on the subject are entirely inapplicable.

New Trials—Verification of Motion.

    2. A motion for a new trial based on errors of law need not be verified in accordance with rule 62 of the Rules of Court.

New Trials—Insufficiency of Verdict.

    3. The court will not set aside a verdict unless its amount or nature is such as to shock the conscience.

Opinion filed December 13, 1915.

Mr. *Willis Sweet* and *Joseph Anderson, Jr.,* for plaintiff.

Mr. *Miguel Guerra* and *H. G. Molina* for defendant.

HAMILTON, Judge, delivered the following opinion:

Motion is made for a new trial, as I understand it, upon the ground that the jury did not follow the instructions of the court. That is substantially the ground.

1. This application is objected to, in the first place, because it does not follow the Porto Rican statute, the Code of Civil Procedure, in a certain series of sections. I thought that it had been made plain that matters of new trial in the Federal court have nothing to do with the local statute. Section 726 of the Revised Statutes gives power to the Federal courts to grant new trials in cases that had heretofore been usual. In other words, it simply affirms the previous practice, whatever that was. The Revised Statutes were adopted in 1873. They necessarily control. Wherever Congress legislates in such case, the legislation of Porto Rico does not, for the purposes of the Federal court, exist at all. There cannot be two sets of law. The superior law must control. That is nothing new in this court. It has been held time and again since I have been on the bench. Root v. Porto Rico R. Light & P. Co. 6 Porto Rico Fed. Rep. 323, says: "The right of the Federal court to grant a new trial is independent of the local law, and may take into account error upon the trial, whether excepted to or not," etc. There are a number of cases, so that there can be no doubt on that score, and I mention it simply to make clear what I thought was already clear.

2. The next ground of objection to this matter is that the motion does not conform to rule 62 of the rules of this court, in that it is not under affidavit. Of course, matters except at law should be set out under affidavit. I will just mention, in passing, that I would not like to say that rule 62 is exhaustive as to the powers of this court. Section 726 of the Revised Statutes, above cited, says that the court may grant new trials in cases which had been usual. I doubt if the court could restrict the power, which is pretty much the same thing as a

Jourgensen v. Brenes.

duty, which is fixed by statute. It is not necessary to pass upon that right now, though.

3. Taking up the merits of this application, the jury found a verdict of $68, and it is alleged by the plaintiff, who won the case, that this is totally inadequate under the facts of the case, and particularly the charge of the court. That would necessarily be the point which would come up. It is, of course, difficult to figure exactly what ground the jury went on. That is not an uncommon difficulty. It might be that they took the two doctors' bills, $50 and $10, and the testimony as to medicine, which, if I recollect right, was $7. That would pretty nearly equal it, but of course the court does not know that, and it could not assume it. Even that would leave a little discrepancy. The point seems to be clear, though, that they did not take into account the earnings that the young man could possibly have made during the six months of his enforced idleness, and also it seems clear that they did not apparently take into account the nursing of the mother, and did not take into account his sufferings, whatever they might have been. Just assuming for the purpose of argument that such is a fact, the question arises, can the court take them into account? The rule in this court and other courts is that the weight of the evidence is for the jury; and that the court might not have rendered the same decision as the jury on the question of fact is not of itself ground for a new trial. That is held in Martinez v. Paul Taylor Brown Co. 6 Porto Rico Fed. Rep. 431. "The court will not set aside a verdict, unless its amount or nature is such as to shock the conscience." McFaddin-Wiess-Kyle Rice Mill Co. v. Vincente, 6 Porto Rico Fed. Rep. p. 448. "The fact that a court may differ from the view of the jury will

Jourgensen v. Brenes.

not be reason for setting aside the verdict, unless the court is convinced that the jury was clearly wrong." Erwin v. Nater, 6 Porto Rico Fed. Rep. p. 690. And others are cited in this same volume, which will not be taken up now. So that the question fairly presented is whether, when the court instructs the jury that they may take into account certain things,—I certainly did not tell them that they must, but that they could take into account certain elements of damage,—and the jury apparently did not do so, the court can then interfere and set aside the verdict because it was not large enough in that view of it?

1. The question is not without difficulty. The general rule is, however, that the difference must be such, as it is sometimes expressed, as to shock the conscience, to be so clearly wrong that the court feels it ought not to sustain it. I cannot say that I think that in this case. If a member of the jury, I might very possibly have thought a larger amount would be proper, or I might have thought that nothing at all was proper. The verdict of the jury is necessarily based upon consultation and compromise in the proper sense of the word, or there would never be any verdict at all. The court would not have set aside the verdict if it had been a little larger, and the court would not have set aside the verdict if it had been for the defendant. And what appears to the court might have been a proper amount is not so largely in excess of the verdict of the jury that it ought to disturb the verdict at all. So that, upon the whole, it appears to the court as if it ought to follow the rule that is generally adopted and not disturb the verdict of the jury unless it is clearly wrong, and I am not sure that it is. The jury might not in this case have allowed the full amount of the doctor's bills. Because a doctor charges some-

thing does not necessarily prove that a third party ought to pay it. And as to the lack of employment of the young man, I myself do not recall any evidence to prove that he would necessarily have kept his place during those six months. The time in question would be pretty much the dead season, and the court could not presume that he would keep his place. So, on the whole, it does not seem to me that I ought to disturb the verdict.

This case was conducted on both sides with great ability. The jury had the full matter before them. They had all the evidence, and the argument of counsel was exhaustive, and the proper place for argument as to the amount of a verdict is before the jury, I think, in all ordinary cases,—and I do not think this was extraordinary,—and not before the court. The court would like to feel, and have the public feel, that the verdict of a jury will not be disturbed except for very pressing reasons, very unusual cases, and it does not think that the facts and the law of this case present anything unusual. It is simply a case where more might possibly have been found under the issues and was not found, so the court feels compelled to deny the motion.